**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**


| | |
|---|---|
| JOHN H. DARBY,    #62510, ) | |
| ) | |
| ) | CIVIL ACTION NO. 3:08-2931-CMC-JRM |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| STATE OF SOUTH CAROLINA, ) | |
| WARDEN OF BROAD RIVER ) | |
| CORRECTIONAL INSTITUTION, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |


Petitioner, John H. Darby ("Darby"), is an inmate with the South Carolina Department of Corrections serving a sentence of life imprisonment for murder.  Darby filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on August 22, 2008. Respondents filed a return and motion for summary judgment on December 9, 2008.  Because Darby is *pro se*, an order pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975) was issued on December 10, 2008 explaining to him his responsibility to respond to the motion for summary judgment.   Darby filed his response on January 15 ,  2009.

**<u>Procedural History</u>**

Nearly forty (40) years ago (on the night of September 21, 1969), at a nightclub near Neeses, South Carolina, Darby, a teenager, stabbed and killed another teenager, Frank Bell, Jr.  In January of 1970 a jury in Orangeburg County found Darby guilty of murder, and because the jury

1

recommended mercy, he was sentenced to life imprisonment by the Honorable George T. Gregory, Jr.[1]  He was represented by Tom Friday, Esquire.  No direct appeal was filed.

### 1. Darby I

The record shows that Darby filed an "Application for Post-Conviction Relief" ("PCR") on July 16, 1970, as well as a Petition for Writ of Habeas Corpus ("Darby I").  Darby's efforts to collaterally attack his conviction were denied by the Honorable Louis Rosen.  An Anders[2] brief was filed on Darby's behalf by the Honorable O. Harry Bozardt, Jr., Esquire, asserting the following constitutional violations:

> 1) that appellant was arrested without a warrant; (2) that appellant was not informed of his right to counsel; (3) that appellant was not informed that he could speak with an attorney before any statement was made; (4) that appellant's rights as guaranteed by the 5th, 6th 8th and 14th Amendments to the Constitution of the United States and Article 1, Section 18 were violated; (5) that the safeguards guaranteed defendants by the Miranda decision were not afforded appellant; (6) that the jury was not favorable with appellant's peers and not a cross section of the community; (7) that appellant was represented by ineffective counsel

Judge Rosen's order of dismissal was affirmed by the South Carolina Supreme Court which found the appeal was "manifestly without merit and wholly frivolous." Darby v. State, 257 S.C. 200, 184 S.E.2d 699 (1971).

### 2. Parole and Revocation

Darby was granted parole on March 12, 1980.  On November 20, 2002, he pled guilty to three drug charges and was sentenced to eight (8) years imprisonment concurrent with each other and with the anticipated revocation of his parole.  His parole was revoked.  Darby's efforts to overturn his drug

---

[1]At the time of the offense and trial a murder conviction automatically resulted in a death sentence absent a jury recommendation for mercy.

[2]Anders v. California, 386 U.S. 738 (1967).

convictions were unsuccessful.[3]  Darby completed the sentences for the drug violations and is presently incarcerated on the murder conviction as a result of the parole revocation.

### 3. **Darby II**

On September 8, 2003, Darby filed a PCR challenging his murder conviction, Darby v. State, 03-CP-38-1118 ("Darby II").  The record shows that an evidentiary hearing was held on April 28, 2005 before the Honorable Dianne S. Goodstein.  Darby was represented by Jerrod A. Anderson, Esquire.  On June 23, 2006, Judge Goodstein issued an "Order of Dismissal with Prejudice" finding that the application was successive to Darby I under state law, was untimely pursuant to S.C.Code Ann. § 17-27-45(a), and violated the doctrine of laches.  Additionally, the court ruled that Darby had not presented any "newly discovered evidence" under the holding of Hayden v. State, 278 S.C. 610, 299 S.E.2d 854 (1983).  Darby filed a *pro se* "Notice of Appeal."   The appeal was dismissed on August 15, 2006 by the South Carolina Supreme Court.

### 4. **Darby III**

Darby filed another PCR on October 19, 2006, Darby v. State, 06-CP-38-1243 ("Darby III").  An evidentiary hearing was held on June 18, 2007 before Judge Goodstein.  Darby was represented by Carl B. Grant, Esquire.  Judge Goodstein issued an order of dismissal on November 1, 2007.  She again found that Darby's claims were successive and time barred.  She did, however, address Goodwin's claim that the trial court did not have subject matter jurisdiction of the murder case because he was never indicted on that charge.[4]  On January 4, 2008 the Supreme Court wrote Mr.

---

[3]Although the drug convictions are not challenged in the present petition, Respondent has included the state court record for those cases.

[4]The undersigned notes that the record before this court, i.e., the appeal from Darby I,

(continued...)

Grant requiring him, pursuant to Rule 227(c), SCACR to specify any arguable basis for asserting that the determination of the PCR court was improper. On January 14, 2008, Mr. Grant responded that he could not make such an arguable assertion. Darby provided the Supreme Court with a *pro se* "Explanation". The appeal was dismissed on February 1, 2008. The Remittitur was returned on February 19, 2008.

### Grounds for Relief

In his present petition Darby asserts that he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:**      Was Petitioner denied a constitutional right to appeal?

**Ground Two:**      Was Petitioner denied a fair trial by the court's unconstitutional jury instructions?

**Ground Three:**     Was the Petitioner denied procedural due process and did the court lack subject matter jurisdiction?

**Ground Four:**      What are the reasons this case should be heard?

In a lengthy memorandum attached to the petition, Darby elaborates on his claims. With respect to his first ground, Darby appears to argue ineffective assistance of counsel because no direct appeal was filed after his conviction in 1970. He agues that the court gave defective jury instructions in his second ground for relief.[5] In his third ground for relief Darby argues that the trial court lacked

---

[4](...continued)
contains a copy of the indictment. Further, that record shows that Darby was formally arraigned on the charge, as it was a capital case, which included reading of the indictment to Darby and obtaining a not guilty plea in open court prior to the trial.

[5]Darby challenges the jury instructions on self-defense, reasonable doubt, circumstantial evidence, and malice.

subject matter jurisdiction, not because there was no indictment, but because he was arrested without a warrant. Darby's fourth ground for relief is not actually a ground for relief, but an argument that if this Court finds that his claims are untimely and/or procedurally barred, such finding would "result in a gross miscarriage of justice."

## **Discussion**

Respondent asserts that Darby's petition should be dismissed because it is untimely under the statute of limitations imposed under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") and his claims are procedurally barred.

### **A. Statute of Limitations**

Respondents assert that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

  The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not at the end of collateral review. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within 10 days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. Crawley v. Catoe, 257 F.3d 395 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. Harris, 209 F.3d at 328, n. 1 (conviction become final on the expiration of the 90-day period to seek review by the United States Supreme Court).

  The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 196 F.3d 557, 561 (4th Cir. 1999). Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States

6

Supreme Court, is tolled." Crawley v. Catoe, 258 F.3d at 399. A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "(A)n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted). "When a post-conviction petition is untimely under state law, 'that [is] the end fo the matter' for purposes of § 2244(d)(2)." Pace v. DiGulielmo, 544 U.S. 408, 414 (2005) quoting Carey v. Saffold, 536 U.S. 214, 236 (2002).

Generally, computing periods of time under 28 U.S.C. § 2244(d)(2) is pursuant to Fed. R. Civ. P. 6(a). Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

The Fourth Circuit has held that the statute of limitations in § 2254 is not jurisdictional, but subject to the doctrine of equitable tolling. Equitable tolling applies only in "those race instances where–due to circumstances external to the [petitioner's] own conduct–it would be unconscionable to enforce the limitation against the [petitioner]." Harris, 209 F.3d at 330. Under § 2244(d), the State bears the burden of asserting the statute of limitations. Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). To benefit from the doctrine of equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way" preventing him from timely filing. Pace, 544 U.S. at 418. An attorney's mistake in calculating the filing date for a habeas petition relative to the AEDPA's statute of limitations is not an extraordinary circumstance warranting equitable tolling. Lawrence v. Florida, 549 U.S. 327, 336-337 (2007) ("Attorney miscalculation [of a deadline] is

simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."). *See also* <u>Harris</u>, 209 F.3d at 331.

Darby's conviction became final in 1970. Because his conviction became final prior to the effective date of the AEDPA, he had until April 24, 1997 to file his habeas petition in this Court. <u>Brown v. Angelone</u>, 150 F.3d 370 (4th Cir. 1998). He did not do so. Since <u>Darby II</u> and <u>Darby III</u> were not properly filed, the statute of limitations was not tolled. Darby has failed to show that he is entitled to the benefit of the equitable tolling doctrine. His petition is clearly untimely.

**B. Procedural Bar**

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

**1.     Exhaustion**

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
>> (A)  the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i)  there is either an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.  See O'Sullivan v. Boerckel, 526 U.S. 838 ( 1999).

The United States Supreme Court has consistently enforced the exhaustion requirement.

The exhaustion doctrine existed long before its codification by Congress in 1948.  In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act....

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. See SCACR 207(b)(1)(B) and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976).  The second avenue is by filing an application for post-conviction relief ("PCR").  See S.C. Code Ann. § 17-27-10 et seq.  A PCR applicant is also required to state all of his grounds for relief in his application.  See, S. C. Code Ann. § 17-27-90.  A PCR applicant cannot

9

assert claims on collateral attack which could have been raised on direct appeal.  Simmons v. State, 264 S.C. 417, 215 S.E.2d 883 (1975). Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. The South Carolina Supreme Court will only consider claims specifically addressed by the PCR court.  If the PCR court fails to address a claim as is required by S.C.Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP.  Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (2007).   A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim.[6]  Further, he may present only those claims which have been squarely presented to the South Carolina appellate courts. "In order to avoid procedural default [of a claim], the substance of [the] claim must have been fairly presented in state court...that requires the ground relied upon [to] be presented face-up and squarely.  Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999) (internal quotes and citations omitted). If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d

---

[6]In cases where the South Carolina Supreme Court applied a procedural bar, however, this court is directed to also apply that bar, except in certain limited circumstances.  See discussion below on procedural bypass.

10

1059 (4th Cir. 1983). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims.  See Rose v. Lundy, supra.

### 2.     Procedural Bypass[7]

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts.  If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition.  The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986).  Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion.   The two routes of appeal in South Carolina are described above, and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time.  Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  State procedural rules promote

> not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

---

[7]This concept is sometimes referred to as procedural bar or procedural default.  If a petitioner procedurally bypasses his state remedies, he is procedurally barred from raising them in this court.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

> Although the federal courts have the power to consider claims despite a state procedural bar,
>
>> the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both 'cause' for noncompliance with the state rule and 'actual prejudice resulting from the alleged constitutional violation.'

Smith v. Murray, supra, quoting Wainwright v. Sykes, 433 U.S. at 84 (1977); see also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S. 478, 496 (1986).

### 3.     Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner in this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts, and this court is barred from considering the claim (absent a showing of "cause" and "actual prejudice"). In such an instance, the exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert. denied, 522 U.S. 833 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-98 (1989); and George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996).

### 4.     Excusing Default

The requirement of exhaustion is not jurisdictional, and this court may consider claims which

have not been presented to the South Carolina Supreme Court in limited circumstances. <u>Granberry</u> <u>v. Greer</u>, 481 U.S. 129, 131 (1989). First, a petitioner may obtain review of a procedurally barred claim by establishing cause for the default and actual prejudice from the failure to review the claim. <u>Coleman v. Thompson</u>, 501 U.S. at 750 and <u>Gary v. Netherland</u>, 518 U.S. 152, 162 (1996). Second, a petitioner may rely on the doctrine of actual innocense.

A petitioner must show both cause and actual prejudice to obtain relief from a defaulted claim. In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." <u>Strickler v. Greene</u>, 527 U.S. 263, 283 n. 24 (1999) (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986). A petitioner may establish cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty of his claim, or show interference by state officials. <u>Murray v. Carrier</u>; <u>Clozza v. Murray</u>, 913 F.3d 1092 (4th Cir. 1990), <u>cert</u>. <u>denied</u>, 499 U.S. 913 (1991); and <u>Clanton v. Muncy</u>, 845 F.2d 1238 (4th Cir.), <u>cert</u>. <u>denied</u>, 485 U.S. 1000 (1988). A petitioner must show reasonable diligence in pursuing his claim to establish cause. <u>Hoke v. Netherland</u>, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996). Further, the claim of cause must itself be exhausted. <u>Edwards v. Carpenter</u>, 529 U.S. 446 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default).

Generally, a petitioner must show some error to establish prejudice. <u>Tucker v. Catoe</u>, 221 F.3d 600, 615 (4th Cir.), <u>cert</u>. <u>denied</u>, 531 U.S. 1054 (2000). Additionally, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. <u>Satcher v. Pruett</u>, 126 F.3d 561, 572 (4th Cir. 1997).

13

"Actual innocense" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir. 1996), *aff'd*, 521 U.S. 151 (1997).  To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocense.  Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999).  A petitioner may establish actual innocense as to his guilt, Id., or his sentence.  Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997).

### 5.    Procedure

Procedural default is an affirmative defense which is waived if not raised by respondents. Gray v. Netherland, 518 U.S. at 165-66.  It is petitioner's burden to raise cause and prejudice or actual innocence.  If not raised by petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

None of Darby's present claims have ever been properly presented to the state courts, except those contained in Darby 1.  A procedural bar was applied in Darby II and Darby III.  Darby has failed to show cause and prejudice.

### C. Subject Matter Jurisdiction

The only claim addressed on the merits in Darby II or Darby III is Darby's claim that the trial court lacked subject matter jurisdiction because he was never indicted.  The court in Darby III found as fact that Darby was indicted, and as noted above, a copy of the indictment is a part of the record before this Court.  In his present petition, Darby offers a different argument, i.e., that the trial court lacked subject matter jurisdiction because no arrest warrant was issued and served on him. (*See* "Memorandum of Law in Support of Petition", pp. 12-15).  This claim is procedurally barred because it was never raised in the state courts.  Even if this ground were properly before this Court, Darby would not be entitled to relief.

14

The criminal jurisdiction of the Circuit Courts in South Carolina is established by Article V, § 11 of the South Carolina Constitution ("The Circuit Court shall be a general trial court with original jurisdiction in ...criminal cases"). Subject matter jurisdiction is the authority of a court to hear and determine cases of the general class to which the proceedings in question belong. Dove v. Gold Kist, Inc., 442 S.E.2d 598 (S.C. 1994) and State v. Gentry, 610 S.E.2d 494, 498 (S.C. 2005). The Circuit Court gains subject matter jurisdiction in a criminal case in one of three ways: "(1) the grand jury true bills an indictment which sufficiently states the offense; (2) the defendant waives presentment in writing; or (3) the offense is a lesser included offense of a crime adequately charged in a true bill of indictment." State v. Gonzales, 600 S.E.2d 122, 124 (Ct. App. 2004).

A court's jurisdiction over the subject matter of a proceeding before it is fundamental. A party may raise lack of subject matter jurisdiction at any time, including on appeal for the first time. Further, the court may raise the issue *sua sponte*. Lack of subject matter jurisdiction may not be waived by the parties. Brown v. State, 540 S.E.2d 846 (S.C. 2001). The acts of a court which lacks subject matter jurisdiction are void. State v. Funderburk, 191 S.E.2d 250 (S.C. 1972).

Since a state defines the subject matter jurisdiction of its courts, a challenge on the basis of lack of subject matter jurisdiction is a quintessential question of state law. Thus, the frequently quoted maximum that a criminal defendant can raise the issue of lack of subject matter jurisdiction at any time should actually be phrased "at any time he is in state court." In other words, it is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists. This court does not review determinations of state law made by South Carolina courts. See Pulley v. Harris, 465 U.S. 37 (1984) ("[A] federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law.").

15

**Conclusion**

Based on a review of the record, it is recommended that Respondents' motion for summary judgment be **granted** and the petition **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

May 22, 2009
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).